STATE OF MISSOURI, Defendant in Error, v. CHARLES E. THOMPSON, Plaintiff in Error.

#### Kansas City Court of Appeals, April 23, 1888.

PRACTICE—RIGHT OF REMEDIES IN CASE OF APPEAL—CASE ADJUDGED. Where a judgment of the circuit court was appealed from by defendant, and a *supersedeas* bond given by him, and afterwards he sued out a writ of error from the clerk's office of this court, in vacation, and when the appeal has never been disposed of, and is yet pending (as in this case), the writ of error will be dismissed.　A party is not entitled to pursue both remedies, of appeal and writ of error, simultaneously; he was not entitled to his writ of error, at least until the appeal was dismissed.

ERROR to Buchanan Criminal Court, HON. SILAS WOODSON, Judge.

*Writ of error dismissed.*

The case is stated in the opinion.

T. W. HARL and JAS. H. RINGO, for the plaintiff in error.

B. G. BOONE, Attorney General, for the state.

PHILIPS, P. J.—The defendant was indicted and convicted on several counts for selling intoxicating liquors on Sunday, and keeping open his grocery-store and tippling-house, and transacting business on Sunday. From this judgment he appealed, and gave a *supersedeas* bond. Afterwards he sued out a writ of error from the clerk's office of this court, in vacation, and brought the case here on writ of error. It is on this record the cause has been submitted. The record shows the fact of taking said appeal. That appeal has never been disposed of, and is yet pending. A party is not entitled to pursue both remedies, of appeal and writ of error, simultaneously. He was not entitled to his writ of error, at least until the appeal was dismissed. For that appeal is yet pending, and the *supersedeas* is in force. *Chinn v. Davis*, 21 Mo. App. 363.

The writ of error is, therefore, dismissed. All concur.