[No. 11469.    Department One. — March 22, 1889.]

WILLIAM McINTYRE, Appellant, v. CHARLES TRAUTNER, Respondent.

Mechanic's Lien — Plaintiff's Attorney Fees not Part of Costs. — The attorney's fees of the plaintiff in an action to foreclose a mechanic's lien are not a part of the costs, but are an incident to the foreclosure of the lien.

Id. — Not Recoverable when Judgment is Rendered for Defendant. — The plaintiff in an action to foreclose a mechanic's lien is not entitled to recover attorney's fees for services rendered on an appeal to the supreme court in which he is successful, when on a retrial final judgment is rendered against him on the merits.

Appeal from an order of the Superior Court of the city and county of San Francisco striking out a certain item from a cost-bill.

The facts are stated in the opinion of the court.

*W. H. H. Hart,* for Appellant.

*Henry H. Ried,* for Respondent.

Works, J.—The appellant brought this action against the respondent to foreclose a mechanic's lien for plumbing work. The court rendered judgment of nonsuit against him. He appealed to this court, and the case was reversed and remanded for a new trial. (*McIntyre v. Trautner,* 63 Cal. 429.) Upon the return of the case to the court below he filed his cost-bill, including as one of the items of costs the sum of two hundred dollars for his attorney's fees in the supreme court. The court, on motion of the respondent, made an order striking out and disallowing this item of costs. Subsequently the case proceeded, and there was finding and judgment in favor of the respondent on the merits.

This appeal is from the order striking out the item of costs above mentioned.

The appellant contends that as he was successful in

this court, he was entitled to his attorney's fees for services rendered here, and in support of this contention cites *Rapp* v. *Spring Valley Gold Co.*, 74 Cal. 532.

The case relied upon holds, and we think correctly, that the attorney's fees are not a part of the costs, but are, under the code, an incident to the foreclosure of the lien. This being the case, there can be no recovery for attorney's fees unless the plaintiff succeeds in his foreclosure proceeding. The court below having found against him on the merits, the lien, which is the basis upon which the right to recover the attorney's fees must rest, is gone, and the right to such attorney's fees must go with it. The fact that he was successful in the supreme court cannot affect the question. The final determination that the appellant had no lien was an adjudication of the controlling question, and was decisive of the point made on this appeal.

Order affirmed.

PATERSON, J., and BEATTY, C, J., concurred.