[No. 2434. Decided September 29, 1897.]

ED IVALL, *Respondent*, v. N. P. WILLIS *et al., Appellants.*

COSTS — WITNESS FEES — FORECLOSURE OF LOGGING LIENS — ATTORNEY'S FEES — CONSTITUTIONALITY OF ACT — RIGHT OF PURCHASER OF LOGS TO ASSIGNMENT OF LIEN CLAIMS ON TENDER OF PAYMENT.

Where plaintiff, in order to meet issues of fact tendered by defendant, has witnesses in attendance at the trial, he is entitled to an allowance of their fees as costs, although their presence may in fact prove unnecessary by reason of the defendant's failure to introduce testimony upon such issues.

Laws 1893, p. 433, § 17, providing that the court shall allow a reasonable attorney's fee upon foreclosure for each person claiming a logger's lien, is not unconstitutional in any sense, but is permissible upon the same theory that costs are allowed.

An offer by the purchaser of saw logs to pay a lienor the amount of his claim for labor thereon if he would assign his claim to the purchaser is a conditional tender of the sum due and insufficient to defeat the lienor's claim for costs and attorney fees upon foreclosure.

Appeal from Superior Court, Chehalis County.—Hon. MASON IRWIN, Judge. Affirmed.

*Austin E. Griffiths,* for appellants.
*Sidney Moore Heath,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Suit to foreclose a logger's lien against the log owner and his vendee for balance due for labor, and for costs and $25 attorney's fee. Defendant, the Gray's Harbor Commercial Company, the vendee, answered the complaint, tendering the amount due on the lien, less forty cents; alleged previous tender and willingness to pay, and plaintiff's refusal to accept tender before suit, and prayed that plaintiff recover no costs or attorney's fee. In an

amended answer the answering defendant set up as a further defense to the cause of action, that defendant Willis sold the answering defendant a portion of the logs described in the complaint, and that the answering defendant, while the logs were being worked upon by the plaintiff and numerous other laborers, advanced Willis supplies for use in his logging camp to enable him to conduct his logging business, and for consumption by plaintiff as well as numerous other laborers while they were working upon the logs. Said supplies were furnished for the purpose of paying the labor upon the logs amounting to a large sum of money, a part of which sum the plaintiff received as credit upon his labor claim, and upon buying the logs the company, in order to protect itself against lien claims for labor and stumpage in the event the logs should not be worth all liens against them, bought a number of lien claims and took assignments thereof belonging to other laborers who performed work upon the same logs as plaintiff; that the company tendered in writing to plaintiff, through a person purporting to act as agent of plaintiff for the collection of the sum due plaintiff, the amount due, and requested the person to disclose his authority from plaintiff for the collection and to release the lien, and he refusing to do so, at the same time, but not as a condition of such payment, requested said person, in behalf of plaintiff, to execute to it an assignment of plaintiff's lien claim, upon the delivery of the money; that the defendant company has been and now is engaged in buying logs and manufacturing the same into lumber products, and bought a portion of the logs described in the complaint for such purpose, and had previously made advance of money to various laborers performing work upon the logs and taken assignments of their liens, and that logs purchased by the defendant company had been levied upon, or attempted

to be levied upon, under a writ of execution in an action against Willis to satisfy a judgment obtained against Willis for a demand other than labor and stumpage claimed. Plaintiff in the suit against Willis claimed to be the owner of the logs by virtue of the levy and sale of the logs to satisfy the execution, and was asserting ownership of the logs at the time of this suit.  All this affirmative matter in the answer, except the allegation that the " company had been and now is engaged in buying logs and manufacturing the same into lumber products " was stricken out upon motion of the plaintiff.  The superior court found that the tender made previous to the commencement of the action was not an unconditional one, but coupled with a demand for the assignment of plaintiff's lien, which finding will not be disturbed here.  Appellant relies upon three errors: (1) In allowing any witness fees as costs; (2) in allowing any attorney's fee; (3) in striking out special defense tendered in amended answer.  Upon the showing made by plaintiff, we cannot find that the court erred in allowing the witness fees.  Defendant had tendered issues of fact in its answer, and, while at the trial it did not introduce testimony to sustain the issues thus made by it, the plaintiff exercised ordinary prudence in having witnesses in attendance to meet any testimony that might be introduced by it in support of the issues raised by its answer.  This discretion exercised by plaintiff in preparing for the trial does not seem to have been abused, and while a witness may not be called in such a case, the plaintiff still has the right to prepare to meet the issues tendered by defendant.

The defendant also contends that the logger's lien act (Laws 1893, p. 428, § 17), providing that the court shall also allow a reasonable attorney's fee for each person claiming a lien, is unconstitutional; objects that it is class legis-

lation; that it takes property without due process of law; that it takes private property for private use, and that the allowance of such fees ought to be denied on the ground of public policy; and cites in support of this contention, among other authorities one from this court, *Jolliffe v. Brown*, 14 Wash. 155 (53 Am. St. Rep. 868, 44 Pac. 149). That was a case involving a construction and the validity of certain sections of the act of March 15, 1893 (Laws 1893, p. 418), imposing upon railroad companies a penalty in double the value of stock killed or injured by trains, for failure to give notice of the accident to the owner of the stock. The court there held that the attorney's fee imposed in such action was a penalty and that it was not competent to inflict a penalty, but plaintiff was entitled only to damages. The case may be clearly distinguished from the one at bar. In this suit the attorney's fee is compensation to the plaintiff for expenditures necessarily made by him in the foreclosure of his lien, which the statute authorizes. It is in no sense a penalty inflicted upon the defendant. It is allowed upon the same principle that costs are allowed. It is a suit in equity enforcing a lien upon specific property, and payable, as far as this defendant is concerned, out of the property alone. We think the law may properly provide for such fee in the foreclosure of the lien. While it is true there is some conflict of authority upon the validity of such a statute, we think the later authorities have one trend, and that is to maintain such a provision in statutes similar to our lien laws.

Defendant contends also that it was entitled to an assignment of plaintiff's lien upon payment of the amount due plaintiff. This question has been the most difficult one presented to the court. The 19th section of the logger's lien act, *supra*, provides that it shall be conclusively pre-

sumed that a party purchasing the property liened upon within thirty days given therein to claimants wherein to file their liens, is not a *bona fide* owner of the property liened upon unless he has paid full value for the property, and has seen that the purchase money has been applied to the payment of such *bona fide* claims as are entitled to liens upon the property. Under this statute it is apparent that the purchaser who does pay such *bona fide* claims as are entitled to liens upon the logs purchased, is subrogated by such act of payment to the right of the lienor; and, while in some instances the courts have held that when one interested in property, paid and caused to be taken up an incumbrance on the property, he was entitled to an assignment, we do not see it clear in this case to compel an assignment of the lien. We think the plaintiff was entitled to payment unconditionally of the amount due him, and that the conditional tender made by defendant was not sufficient.

The judgment is affirmed.

Scott, C. J., and Anders, Dunbar and Gordon, JJ., concur.