[No. 2864. Decided December 23, 1898.]

JOHN H. GRIFFITH *et al.*, *Appellants*, v. JAMES MAXWELL *et al.*, *Respondents*.

APPEAL—ABANDONMENT AND RENEWAL—FILING OF BRIEFS—AMOUNT IN CONTROVERSY — MATERIAL MAN'S LIEN — ENFORCEMENT — COMPLAINT—VARIANCE—ATTORNEY'S FEES.

An appellant is not deprived of his right of appeal by abandoning a prior attempted repeal which was invalid by reason of having been prematurely taken.

Although appellant's brief has not been filed within the time limited, the appeal will not be dismissed, where filing was made prior to respondent's motion to dismiss, and there is no showing that respondent was injured by the delay.

Under Laws 1893, p. 126, § 14 (Bal. Code, § 6513), providing that, within four months after the taking of an appeal, the clerk shall prepare and send to the supreme court the original briefs and bill of exceptions or statement of facts, it is not ground for dismissal that the same were filed in the supreme court a few days prior to the expiration of the prescribed four months, although the time allowed respondent for filing his answering brief had not yet expired.

On appeal from a judgment dismissing a complaint on the ground that it fails to state facts sufficient to constitute a cause of action, the amount in controversy is immaterial and does not affect the jurisdiction of the supreme court.

A complaint for the enforcement of a material man's lien for materials furnished a contractor for the erection of a dwelling house states a cause of action when it alleges an agreement

between the owner and the contractor for furnishing and doing plumbing work upon the house, and that plaintiffs sold the contractor materials to be used, and which were actually used, in the construction of the building, an averment of agency being unnecessary, under Laws 1893, p. 32, § 1 (Bal. Code, § 5900), which provides that every contractor shall be held to be the agent of the owner for the purpose of the establishment of the lien created by that act.

Where a notice of claim of lien and a complaint for its foreclosure both describe the lot and block in an addition to the city in the same terms, but refer to the house by different street numbers, the variance is not fatal, when there is but one house upon the lot, and the description given, though slightly inaccurate, would render it readily capable of identification.

A copy of a lien notice in the record showing that it was verified before a notary imports that his official seal was attached to the original, although the copy contains the word "seal" written after his name, instead of an impression of the seal itself.

The provisions of the lien law allowing attorneys' fees for enforcement of liens is valid. (*Jolliffe v. Brown*, 14 Wash. 156, distinguished.)

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Reversed.

*W. A. Lewis,* for appellants.

*Crow & Williams,* for respondents.

The opinion of the court was delivered by

ANDERS, J.—This action was instituted to foreclose a material man's lien upon certain premises in the city of Spokane alleged to have been owned by respondent Anna Van Houten. Paragraph 11 of the complaint, which alleges that seventy-five dollars is a reasonable attorney's fee to be allowed the plaintiffs by this court in this action, was struck out on motion of the defendants, and the plaintiffs excepted. Thereafter the defendants (respondents) interposed a demurrer to the complaint on the ground that it failed to state facts sufficient to constitute a cause

of action, which demurrer was sustained. The plaintiffs
declining to plead further, judgment of dismissal was ren-
dered by the court, to reverse which the plaintiffs ap-
pealed. On October 9, 1897, the court announced its final
order and decision, and on October 12 the plaintiffs filed
their notice of appeal, and on October 14, 1897, executed
and filed their appeal bond. It was subsequently dis-
covered by plaintiffs that at the time their notice of appeal
was given and served and their appeal bond filed, no judg-
ment had, in fact, been entered, and that the judgment
was not entered until October 15, 1897. The plaintiffs,
assuming that the first attempted appeal was invalid, on
October 22, 1897, served another notice of appeal, and on
the 26th of that month filed a second appeal bond. The
respondents now move to dismiss the first appeal and to
affirm the judgment of the superior court, for the reasons:
First, that appellants have abandoned their said appeal
by taking a second appeal herein while the first was pend-
ing; and second, that the appellants' opening brief was
not served or filed within ninety days after the service of
the notice of said appeal, and that no extension of time
for the service or filing of said brief was obtained, either
by stipulation, or by the order of the court; and third, that
appellants have filed a transcript on appeal herein within
less than four months from and after the service of said
notice of appeal, and prior to the expiration of the time
allowed respondents for the filing and service of their
answering brief herein. It would appear that the first
ground stated in the motion is not well taken if the first
appeal was invalid, and consequently abandoned by ap-
pellants. This court has held, under circumstances quite
similar to those appearing in this case, that an appellant
is not deprived of his right of appeal by abandoning a
prior attempted appeal which was deemed invalid. *Spo-*

*kane Falls v. Browne,* 3 Wash. 84 (27 Pac. 1077). In that case this court said:

"There being no judgment to appeal from, the first notice of appeal was treated by appellant as a nullity; and we do not think that by so doing appellant should be deprived of the right to appeal from the judgment by which it claims to have been injured. To hold that a party is estopped, by giving a premature and ineffectual notice, from thereafter prosecuting his appeal, would be to deprive him of a legal right upon a mere technicality, unsupported by reason, and contrary to the spirit and policy of the law."

And this decision has been followed in numerous instances by this court. There is no foundation for the motion to dismiss the first appeal, and therefore a further consideration of it is unnecessary.

Respondents also move to dismiss the second appeal for the alleged reasons: (1) that at the time of the service of the notice of said appeal on October 22, 1897, there was pending in this court a previous appeal, taken from the same order by the same appellants on a notice of appeal served on October 12, 1897, in pursuance of which an appeal bond had been given and filed by appellants on October 14, 1897, and that said first appeal had not been withdrawn or dismissed by order of this court; (2) that appellants' opening brief herein was not served or filed within ninety days after the service of said notice of appeal, and that no extension of time for the service or filing of said brief has been obtained, either by stipulation or by order of the court; and (3) that appellants have filed the transcript on appeal herein within less than four months from and after the service of said notice of appeal, and prior to the expiration of the time allowed respondents for the filing and serving of their answer brief herein. It will be observed that one of the alleged grounds for dis-

missal in this motion is based upon the fact that the opening brief of the appellants was not filed within ninety days after the service and filing of the notice of appeal. It appears, however, that the brief had been filed and served before the motion to dismiss was made, and, as it does not appear that the respondents were in any wise injured by the neglect of appellants to file their brief within the time limited, we are of the opinion that the appeal should not be dismissed upon that ground. Nor is the fact that the transcript on appeal was filed some days prior to the expiration of the four months limited by law a sufficient cause for dismissal of this appeal. The appeal statute (Laws 1893, p. 126, § 14, Bal. Code, § 6513) provides that

" Within four months after an appeal shall have been taken by notice as provided in this act, the clerk of the superior court shall prepare and certify and send up to the supreme court, at the expense of the appellant . . . the original briefs on appeal filed and any original bill of exceptions or statement of facts, and a copy of so much of the record and files as the appellant shall deem material to the review of the matters embraced within the appeal."

It is conceded that the transcript was sent up within the four months prescribed, and it therefore necessarily follows that the appellants were not derelict in their duty in that regard. It is also insisted by the respondents that the second appeal should be dismissed for the reason that only one appeal can be pending in this court from the same order on behalf of the same appellants and against the same respondents at the same time. And in support of this last proposition respondents cite the following cases: *State v. Thompson,* 30 Mo. App. 503; *Freiberg v. Langfelder,* 45 La. An. 983 (13 South. 404); *Reichenbach v. Lewis,* 5 Wash. 577 (32 Pac. 460, 998). But neither the

case of *State v. Thompson* or that of *Freiberg v. Langfelder* supports the contention of the respondents. In the first of those cases an appeal had been taken from the judgment of the circuit court, and afterwards, and while it was still pending, a writ of error was sued out by the defendant, and the court simply held that both those remedies could not be resorted to at the same time, and dismissed the writ of error. In the *Freiberg Case,* two appeals had been taken by the same party, and from the same judgment, to two different courts; and the court there very properly held that it was legally impossible for two such appeals to be pending at the same time. And in *Reichenbach v. Lewis, supra,* it was simply decided that a second notice of appeal could not be filed by appellant pending the consideration of the motion to dismiss his first appeal. But what we have already said eliminates the question of two appeals from this case, and it is not necessary to determine what would be the effect of taking a second appeal, the first being valid. It is not contended in this case that the second notice of appeal is insufficient, or that the appeal bond is not in accordance with the statute, and it must therefore follow that the second appeal is valid. These motions must be denied.

The defendant, Maxwell, also moves the court to dismiss the appeal as against him for the alleged reason that this is a civil action at law for the recovery of money only, and that the original amount in controversy does not exceed the sum of $200, and that this court has, therefore, no jurisdiction of the action as to him. It is evident that the principle invoked in this motion is inapplicable to this case. This, as we have said, is an appeal from a judgment dismissing a complaint on the ground that it failed to state a cause of action. The amount in controversy in the action is immaterial here, and it cannot successfully be urged that the superior court in which the complaint was filed

had no jurisdiction of the subject matter of the action. This motion is denied.

It is further moved by the respondents to strike appellants' opening brief on the ground that it was not served or filed within the ninety days after the service of the notices of appeal, and that the time was not extended either by stipulation or by order of the court. We fail to discover any merit in this motion, as it nowhere appears that respondents were injured by the lack of diligence on the part of appellants.

The sole question for determination upon the merits is whether the complaint states a cause of action against the respondents. It is insisted by respondents that the claim of lien, which is made a part of the complaint herein, fails to disclose or state any contractual relation to have existed between Anna Van Houten, the owner of the building and premises in controversy, and Maxwell, the person to whom the materials are alleged to have been furnished. But we think the respondents are mistaken in this respect. Paragraph 3 of the complaint alleges that "prior to January 8, 1897, the defendant Anna Van Houten made an agreement with the defendant James Maxwell for the furnishing and doing the plumbing on the hereinafter mentioned dwelling house." That is an averment of a contractual relation between the owner of the property and Maxwell, and, we think, is sufficient. It has not been deemed necessary in this state to set out in detail the terms or conditions of the contract between the owner of the property upon which the lien is claimed and the contractor, or the amount due on such contract, though the law seems to be otherwise in some of the states. It is also alleged that the complaint fails to show that Maxwell, the person to whom the materials were furnished, was the agent of the owner of the building, or any facts constituting any such agency. The complaint, however, does state that Maxwell was a

contractor, and the statute itself declares that "every contractor, sub-contractor, . . . shall be held to be the agent of the owner for the purposes of the establishment of the lien created by this act." Laws 1893, p. 32 (Bal. Code, § 5900). It is also objected that there is no allegation in the complaint showing, or tending to show, that the materials furnished Maxwell were furnished pursuant to, or in the performance of, the contract alleged to have been entered into between Anna Van Houten and James Maxwell. But, if that fact is not specifically stated, it is a plain inference from the facts which are stated, and the complaint is not demurrable on that ground. It is alleged in the complaint, after alleging the agreement between Anna Van Houten, the owner, and Maxwell, for the furnishing and the doing of the plumbing upon the dwelling house in question, that on the 8th day of January, 1897, plaintiffs sold to the defendant Maxwell materials to be used, and which were actually used, in the construction of the building in controversy.

It is next insisted that there is a fatal variance between the allegations of the complaint and the allegations of the claim of lien, in that they do not describe the same building, as the building on which the alleged lien was claimed and for which the alleged materials were furnished. The allegation of the complaint in this particular is

" That the premises herein referred to is that certain double frame dwelling house Nos. 228-2216 Pacific Avenue, situate on Lot 27 of Block 38 of Brown's Second Addition to the city of Spokane, Spokane county, state of Washington, and the whole of said lot is necessary for the convenient use and occupation of said dwelling house."

The allegation of the notice of lien is as follows:

" Furnished materials to be used and which were used, upon and in that certain double frame dwelling house, Nos. 2210-8 Pacific Avenue, situate on lot twenty-seven

(27) on block thirty-eight (38) of Brown's Second Addition to the city of Spokane, Spokane county, state of Washington."

It will be observed that the only variance between the description of the property in the complaint and in the lien notice is in the designation of the street numbers of the building. But this is not such a variance as can be deemed material. Our statute requires the property to be described with sufficient certainty for identification, but does not require the best possible description to be given. The general rule is that, if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty to the exclusion of others, it will be sufficient. It is enough that the description points out and indicates the premises so that by applying it to the land it can be found and identified; and a description, even though inaccurate, is sufficient if it identifies the premises intended. In this case it does not appear that there is more than one house upon the lot described in the complaint and the notice, and we apprehend there would be no difficulty in identifying the property from the description given. The number of the lot and block and addition to the city is clearly specified both in the complaint and the notice, and we do not perceive how any one could be misled by the description. See Phillips, Mechanics' Liens (3d ed.), § 379; 2 Jones, Liens (2d ed.), § 1600.

Without stopping to point out every specific objection made to the complaint, we will say generally that, in our opinion, it states a good cause of action as against the demurrer. It may be that it is not so definite and certain as it might have been, but such defects can only be reached by motion, and not by demurrer. It is contended on the part of the respondents that the demurrer should be sustained for the reason, if for no other, that it appears that

the verification of the lien notice was made before a notary public, and that it does not appear that his official seal was attached thereto. The copy of the lien notice, however, in the record shows that it was verified by the notary who signed the same, and the word "seal" is written thereafter, but no impression of the notarial seal itself appears. These facts indicate that the seal was properly attached, rather than the contrary, and we are unable to see any substantial merit in this objection.

The appellants contend that the court erred in striking out the allegation in their complaint in regard to the attorney's fees, and we think the point is well taken. It is stated in the argument that the learned trial court based its decision upon the case of *Jolliffe v. Brown,* 14 Wash. 156 (44 Pac. 149, 53 Am. St. Rep. 868), in which it was held that the provision for an attorney's fee in an act of the legislature there considered could not be sustained, as it was contrary to the spirit of the constitution of the state. But that case was distinguished from cases like the one now under consideration in *Ivall v. Willis,* 17 Wash. 645 (50 Pac. 467), which was a lien case, and in which the provision for an attorney's fee was held valid by this court. In the opinion in that case this court said:

" While it is true there is some conflict of authority upon the validity of such a statute, we think the later authorities have one trend, and that is to maintain such a provision in statutes similar to our lien laws."

Such provisions have been upheld by the courts of California with great unanimity, and the same rule obtains in Montana. *Hicks v. Murray,* 43 Cal. 521; *Quale v. Moon,* 48 Cal. 478; *Rapp v. Spring Valley Gold Co.,* 74 Cal. 532 (16 Pac. 325); *McIntyre v. Trautner,* 78 Cal. 449 (21 Pac. 15); *Wortman v. Kleinschmidt,* 12 Mont. 316 (30 Pac. 280).

Our conclusion upon the whole case is that the judgment must be reversed; and the cause is accordingly remanded to the court below, with directions to overrule the demurrer to the complaint.

DUNBAR, GORDON and REAVIS, JJ., concur.