W. A. DELL, PLAINTIFF IN ERROR, VS. JOHN L. MARVIN, TRUSTEE, *et al.*, DEFENDANTS IN ERROR.

1. In actions at law the consideration of the appellate court will be confined to the errors assigned and argued by the plaintiff in error.

2. The attorney fees allowed for the successful establishment and

enforcement of the lien provided by the act of 1887, Chapter 3747, in favor of mechanics, artisans, laborers and materialmen, are incidental to the lien claim, and are entitled to payment on the same basis as the judgment for labor or material furnished.

3. The provision in the twentieth section of the act of 1887, Chapter 3747, for attorney fees when judgment shall be rendered in favor of the plaintiff, is not in conflict with the constitution of this State or the constitution of the United States.

Writ of error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the Court.

*A. W. Cockrell & Son*, for Plaintiff in Error.

*John E. Hartridge and R. H. Liggett*, for Defendants in Error.

MABRY, J.:

A statement of facts in this case, so far as was necessary on the application then before the court, will be found in Dell v. Marvin, *et al.*, 31 Fla. 152, 12 South Rep. 216. It appears from the record that the sheriff of Duval county filed a motion in the Circuit Court, entitled in the causes of A. G. Elliott & Co. v. The Standard Publishing Co., and I. N. Megargee & Co. v. the same defendant, and therein stated that in the said entitled causes and thirty-two others in which judgments had been obtained and executions issued, funds specified were in his hands, realized from the sale of property of the defendant, The Standard Publishing Co., but wholly insufficient to satisfy the said several execution creditors, and a contest had arisen and doubts existed as to the proper application of said funds among the said several creditors, and asking the direction and protec-

tion of the court as to the application of the funds. With the motion a list of thirty-five creditors was filed, and it was prayed that they be made parties by appropriate process and required to interplead among themselves and be concluded by the judgment of the court. All the creditors appearing by their respective attorneys, an order was made by the Circuit Judge that the several creditors file in writing, within a time stated, their respective claims to the funds in the hands of the sheriff, and the grounds upon which they claimed priority of lien. The order also directed that each creditor might take issue upon or contest the claim of another creditor. Plaintiff in error as assignee filed a statement of claim of twenty-seven judgments obtained by different parties before the County Judge of the county, and two obtained in the Circuit Court, and executions thereon against The Standard Publishing Company. J. L. Marvin, trustee, filed a statement of claim of the judgment and execution of Megargee & Co., and a mortgage given by The Standard Publishing Company to him as trustee. A. G. Elliott & Co. filed a statement of claim of two Circuit Court judgments and executions issued thereon. The Citizens Gas & Electric Company filed a statement of claim of a judgment, and Elizabeth S. Robinson filed a statement of claim for rent alleged to be due from The Standard Publishing Company.

The amounts of the various claims propounded, including the dates and amounts of judgments, together with costs and attorneys' fee of twenty-five dollars allowed in each case, were shown. The grounds of priority of payment out of the funds were set out in the writen statements of demands, and there were contests among the various creditors as to the validity of each other's claims, including the constitutionality of the law under which attorneys' fees were allowed in the judg-

ments held by plaintiff in error. The final judgment on the motion recites: "Said motion coming on to be again heard, came the several parties interested herein, intervening under the order of this court, and the said defendants, by their several attorneys, and was submitted to the court, upon said several interventions, the objections and exceptions severally thereto, and the issues severally joined thereon, upon the records and proceedings of record and file in this court, and in the court of the County Judge of said Duval county, in which the said several records and proceedings were respectively had, and upon the testimony of witnesses, and documentary evidence produced in open court, and was argued at length by the respective counsel," and thereupon it was ordered that so much, stating the amount, of each of the twenty-nine judgments held by plaintiff in error as was recovered for services rendered by the plaintiff therein prior to February 16th, 1892, as employes of the Standard Publishing Co., was a prior lien on the funds, as was also the costs, except twenty-five dollars taxed in each case as attorneys' fee under section 20, Chap. 3747, act of 1887, which section was, insofar as it allows such fees, declared to be unconstitutional and void; that the Megargee & Co. judgment held by J. L. Marvin, trustee, was entitled to be first paid out of the remaining funds, and the Elliott & Co. and the Citizens Gas & Electric Company judgments be paid share and share alike out of the residue and as this exhausted the funds held by the sheriff, the claims of the remaining intervenors were denied and disallowed.

Dell alone sued out a writ of error, and assigns as error the ruling of the court declaring so much of section 20, Chap. 3747 act of 1887, providing for attorney fees, to be unconstitutional, and directing that no part

of the funds in the hands of the sheriff be applied in payment of such fees.

The case is presented on the record without a bill of exceptions, and no objection is anywhere made to the procedure in the Circuit Court in settling the conflicting claims of the various creditors to the funds in the hands of the sheriff.

It sufficiently appears from the record that plaintiff in error was holder of judgments obtained under Chapter 3747, act of 1887, being "An act to protect mechanics, artisans, laborers and material men, and to provide for the speedy collection of moneys due them for wages or materials furnished," and the order of the court is that so much of each judgment, stating definitely the amount of each, for services rendered by the plaintiffs named therein as employes of The Standard Publishing Co. previous to a given date, including costs of suit, but not the attorney fee taxed therein, was a prior lien on the funds in the hands of the sheriff, and should be first paid. The attorney fee feature of each judgment was denied participation in the funds on the sole ground that the provision of the act allowing it was unconstitutional. The view of reasonableness of the fee did not enter into the decision, nor has contention been made that the amounts in the judgments were unreasonable.

In brief of counsel filed on behalf of Marvin, one of the defendants in error, it is insisted that the court erred in allowing any part of the judgments held by plaintiff in error to share in the funds, but this contention can not be entertained by us. Marvin has not sued out any writ of error from the judgment rendered and the only question open for consideration arises on the error assigned by plaintiff in error, which is the constitutional-

ity of the provision in the act providing for attorneys' fees.

The act under which the judgments held by plaintiff in error were rendered created a lien in favor of mechanics, material men and various classes of laborers for work and labor done and material furnished, and the procedure for enforcing the lien is provided.

By section 20 it is enacted "that if upon trial of the case it shall be found in favor of the plaintiff, then judgment shall be rendered in his favor for the amount as returned by the jury, together with the costs of the court, and an attorney's fee of not less than ten dollars ($10) if the suit is tried before a justice of the peace, and not less than twenty-five dollars ($25) if it be tried before the County Judge, the Judge of the County or Circuit Court." The attorney fee provided is for the successful establishment and enforcement of the lien given, and is incidental thereto. If such fees can not be considered as part of the court costs, they must be regarded as incidents to the enforcement of the lien, and, in our judgment, if the provision for them be valid, they are entitled to payment on the same basis as the judgment for labor or material furnished. McIntyre v. Trautner, 78 Cal. 449, 21 Pac. Rep. 15. The act of 1887 was passed soon after the constitution of 1885 went into effect, and this instrument declares, in section 22, Article XVI, that "the legislature shall provide for giving to mechanics and laborers an adequate lien on the subject-matter of their labor." This provision removes all objection to the act in question on the ground that it is class legislation, as there is an express command to legislate, to the extent of providing an adequate lien in favor of the class mentioned. We have heretofore regarded the act as not being special in the sense of violating constitutional restrictions, as it affects alike all

persons similarly situated. Summerlin v. Thompson, 31 Fla. 369, 12 South Rep. 667.

We are unable to perceive that the provision allowing attorney fees to plaintiff in enforcing mechanics' liens is violative of any part of our constitution; and if investigation ended here the act must be sustained. It is further insisted that the provision allowing attorney fees is in conflict with the latter clause of section 1, Article XIV, of the Federal constitution, prohibiting any State from denying "to any person within its jurisdiction the equal protection of the laws." The decisions in the State courts are conflicting on the direct question presented under our statute. In Michigan and Alabama the rulings are adverse to the constitutionality of such legislative provisions. Grand Rapids Chair Co. v. Runnels, 77 Mich. 104, 43 N. W. Rep. 1006; Randolph v. Builders & Painters Supply Co., 106 Ala. 501, 17 South. Rep. 721. The Michigan court denied the right of the legislature to impose an attorney fee in favor of plaintiffs recovering for stock killed on a railroad in consequence of a failure to fence in obedience to statutory requirement. We do not follow this ruling, and as we understand the decisions of the Supreme Court of the United States, that court does not sanction such a ruling. Jacksonville, Tampa & Key West Ry. Co. v. Prior, 34 Fla. 271, 15 South Rep. 760. In Ohio a statute was declared void that gave to plaintiff's attorney fees in suits for labor, without any reference to a lien. Coal Co. v. Rosser, 53 Ohio St. 12, 41 N. E. Rep. 263. The validity of statutes involving the question now raised under ours is fully sustained in decisions in Montana, Washington and Illinois. Wortman v. Kleinschmidt, 12 Mont. 316, 30 Pac. Rep. 280; Ivall v. Willis, 17 Wash. 645, 50 Pac. Rep. 467; Vogel v. Pekoc, 157 Ill. 339, 42 N. E. Rep. 386. Statutes providing for

the taxing of attorneys' fees in favor of plaintiffs when successful in various cases, other than for enforcing liens in favor of mechanics, have been sustained. Such as in actions upon policies of insurance, in suits against railroads to recover damages for violation of statutory duties, for injuries caused by fire communicated from engines, and in certain actions of ejectment for land taken by railroads and not condemned under statutes of eminent domain. Union Central Life Ins. Co. v. Chowning, 86 Texas, 654, 26 S. W. Rep. 982; Insurance Co. of North America v. Bachler, 44 Neb. 549, 62 N. W. Rep. 911; Burlington, Cedar Rapids & Northern Ry. Co. v. Dey, 82 Iowa, 312, 48 N. W. Rep. 98; Atchinson, Topeka & Santa Fe R. R. Co. v. Matthews, 58 Kansas 447, 49 Pac. Rep. 602; Cameron v. Chicago, Milwaukee & St. Paul Ry. Co. 63 Minn. 384, 65 N. W. Rep. 652; Perkins v. St. Louis, Iron Mountain & Southern Ry. Co. 103 Mo. 52, 15 S. W. Rep. 320. It is the plain duty of the court to sustain an act of legislation unless clearly in violation of some express or implied limitation in the constitution. On the direct point we are considering no decision of the Supreme Court of the United States has been made, so far as we have been able to find. In Gulf, Colorado and Santa Fe Ry. Co. v. Ellis, 165 U. S. 150, 17 Sup. Ct. Rep. 255, the Supreme Court held (reversing the State court, 87 Texas, 19) that a statute allowing attorney fees to plaintiffs in suits not exceeding fifty dollars against railroad corporations only, was repugnant to the Fourteenth Amendment to the constitution of the United States. The court holds that the mere fact of classification is not sufficient to relieve a statute from the reach of the equality clause in the Fourteenth amendment, and in all cases it must appear not merely that a classification has been made, but also that it is based upon some reasonable ground—

Dell v. Marvin.—Opinion of Court.

something which bears a just and proper relation to the attempted classification, and is not a mere arbitrary selection. In the opinion in this case it is stated that statutes giving attorney fees to mechanics and laborers in enforcing liens for their labor had been sustained, and we discover nothing in the reasoning of the court to condemn such State legislation. The class of laborers provided for in the statute was singled out by the framers of our organic law and legislation for their special benefit was commanded. If there exists some just basis, some real public policy, or just need for the classification and distinction made in favor of the class of persons mentioned, or, in the language of the Supreme Court, if there is "some difference which bears a just and proper relation to the attempted classification," the act should be sustained. We are of opinion that the act can be sustained on the grounds stated, and, therefore, hold that the court erred in declaring the act unconstitutional and void.

The judgment of the court below is reversed.

TAYLOR, C. J., *dissenting.*

I am unable to agree with the majority of the court as to the constitutionality of that feature of Chapter 3747, act of 1887, allowing to mechanics, in suits for the enforcement of the liens that the law gives them upon the subject-matter of their labor, besides the *costs* of such suits, a distinctive *attorney's fee* in the event of his succeeding in the suit, leaving his opponent, as it does, with the unequal burden of paying his own attorney's fee in the event the mechanic shall fail in the suit. Our constitution, it is true, expressly enjoins upon the legislative department the duty to provide an *adequate lien* to secure the wages of mechanics, but it nowhere requires that the judicial means to be provided for the *enforcement* of such liens shall give to the lienor an un-

·equal and inequitable advantage before the law, nor is such discrimination at all necessary to a perfect compliance with the constitutional requirement to give them an *adequate lien* on the subject-matter of their labor. While I do not agree with much that is said in the case of Gulf, Colorado and Santa Fe Ry. Co. v. Ellis, 165 U. S. 150, 17 Sup. Ct. Rep. 255, yet I think that from the facts in that case the gist of the conclusion reached therein tends more strongly to overturn than to uphold the propriety of our statute under discussion. My view is that the assertion in our own constitutional declaration of rights, to the effect that "all men are equal before the law," and the inhibition of Article XIV of the Federal Constitution against the denial by the States to any person of the *equal protection* of the laws, plainly forbids any such discrimination between suitors or classes of suitors before the courts. To my mind the clear intent and purpose of both of these provisions is that no individual or class of individuals shall be given any undue advantage over any other individual or class of individuals either in the substance of the law itself, nor in the judicial *procedure* provided for the enforcement of such law. In other words, all men shall be equal, not only in and by the law as enacted by the legislature, but before the courts and in the procedure provided for the execution and enforcement of such law. Any law that says, in effect, to one suitor or class of suitors you shall have from your adversary in case of recovery your just claim and all court costs, and, besides, your attorneys' fee, but your adversary, though he shall prove successful, and though he may establish the fact that your claim was fraudulent and unreal, and conceived in malice for the avowed purpose of subjecting him to the expense of employing skilled professional assistance to defend against and expose the fraud, shall recover noth-

ing but his bare court costs, and nothing to remunerate him for the expense you have designedly forced him to incur, seems to me to be as flagrant an infraction of these constitutional inhibitions as can well be conceived. But this statute goes further. It fixes an arbitrary minimum sum that shall be awarded to the mechanical suitor for his attorney fee; and, in effect, says that no smaller sum than that prescribed shall be awarded for such fee, regardless of the amount at which the favored suitor can and does in fact secure the services of the attorney employed. It says, in effect, to the favored suitor, when your litigation is in the Circuit Court, although your actual recovery therein may be barely nominal, you *shall be* awarded an attorney's fee of not less than twenty-five dollars, even though you may have actually secured such attorney's services at the agreed price of ten dollars. In such a case the overplus of fifteen dollars out of the prescribed award for attorneys' fees is forced from the non-mechanical suitor, under the guise of attorney's fees, but in reality goes into the pockets of the favored litigant, operating simply as a legal penalty levied upon the non-favored suitor as punishment for his tardiness in discharging this highly favored class of obligation. A law that makes such a state of affairs possible metes out but partial justice, and puts the citizen upon grossly unequal ground before the law, overflowing the cup of its protection to the one and but half filling it as to the other.