[No. 3583.   Decided February 9; 1901.]

JOHN I. FITCH  *et al., Respondents,* v. LEGH W. APPLE-
GATE *et al., Appellants.*

LABORER'S LIEN — ENFORCEMENT — JOINDER OF SEPARATE CLAIMANTS.

The joinder as parties plaintiff of persons seeking to foreclose
liens for labor given by Laws 1897, p. 55, is proper, since the act
provides for the enforcement of the liens in the same manner
as mechanics' liens, and the statute (Bal. Code, § 5910) govern-
ing in such cases requires the joinder of all lien claimants as
parties plaintiff or defendant in any action for the foreclosure
of their liens.

SAME — PLEADING — SUFFICIENCY OF COMPLAINT — REFERENCE TO
EXHIBITS.

A complaint for the foreclosure of a laborer's lien sufficiently
sets forth facts constituting a cause of action, when, although
not incorporating the terms and conditions of the lienor's con-
tract in the body of the complaint, it makes express reference to
an exhibit attached to the complaint, in which is set forth a
statement of such terms and conditions.

SAME — ATTORNEY'S FEES.               .

The allowance of an attorney's fee to a lien claimant upon a
decree of foreclosure in his favor of a laborer's lien is proper,
under the terms of the act providing for the enforcement of such
liens in the same manner as mechanics' liens are enforced.

SAME — NOTICE OF LIEN — SUFFICIENCY OF STATEMENT.

Under a statute giving a lien for labor performed "in the oper-
ation of any railway, canal or transportation company, or any
water, mining or manufacturing company, sawmill, lumber or
timber company," a notice of lien is sufficient, which states that
the lien is for labor performed by the claimant at the instance
and request of the employer, without particularizing what the
claimant was employed to do or what he did do.

SAME — CONSTITUTIONAL LAW — CLASS LEGISLATION.

A law giving laborers in certain enumerated industries liens
for labor performed does not constitute special or class legislation
in violation of § 12, art. 1, of the constitution, where the law is
uniform in its operation and all who are included therein are
treated alike.

SAME — STATUTES — CONSTRUCTION.

Laws 1897, p. 55, § 1, which provides that every person performing labor in the operation of any railway, canal, transportation, water, mining, manufacturing, sawmill, lumber or timber company shall have a prior lien on the franchise, earnings, and on all the real and personal property of said company, to the extent of the moneys due him for labor performed within six months next preceding the filing of his claim therefor, and no mortgage, deed of trust or conveyance shall defeat or take precedence over said lien, must be construed as merely intended to extend the period for which liens were allowed by a prior statute, and not as intended to give such liens priority over mortgages antecedently executed and recorded, in the absence of language clearly expressing the legislative intent to make such a radical provision.

MORTGAGES — MERGER.

There is no merger of a mortgage as against subsequent incumbrances, when the mortgagor conveys the land to the mortgagee, where it would be inequitable, or where there is an express agreement of the parties that the lien shall remain intact.

Appeal from Superior Court, Pierce County.—Hon. James A. Williamson, Judge. Reversed.

*Stiles & Nash,* for appellants:

Upon the assignment that the court erred in denying defendants' motion to require plaintiffs' causes of action to be separately stated, counsel cite *Rialto M. & M. Co. v. Lowell,* 23 Colo. 253.

The act gives a lien to persons "performing labor," but it by no means follows that persons who perform services perform labor within the meaning of this law. Many courts have had occasion to construe this word "labor," when found in similar statutes, and all are agreed that one who labors, in such statutes, means one who toils manually. *State ex rel. Peck v. Rusk,* 55 Wis. 465; *Pennsylvania & D. R. R. Co. v. Leuffer,* 84 Pa. St. 168

(24 Am. Rep. 189) ; *Hinton v. Goode,* 73 Ga. 233 ; *Don-nelly v. Johnes,* 44 Atl. 180 ; *Ricks v. Redwine,* 73 Ga. 273. The rule that mechanic's lien statutes are to be liberally construed does not extend to the determination of what persons are entitled to liens thereunder, as to which matter a statute cannot be extended by construction. *Nanz v. Cumberland Gap Park Co.,* 52 S. W. 999 (76 Am. St. Rep. 650, 47 L. R. A. 273).

The act is void because it grants special privileges to certain persons, and lays special burdens upon others, and is purely "class legislation," wherein it violates both the state and federal constitutions. *Lippman v. People,* 175 Ill. 101 ;*Sutton v. State,* 96 Tenn. 696 (33 L. R. A. 589) ; *In re Morgan,* 58 Pac. 1071 (77 Am. St. Rep. 269, 47 L. R. A. 52) ; *Johnson v. Goodyear Mining Co.,* 59 Pac. 304 (78 Am. St. Rep. 17, 47 L. R. A. 338) ; *Tacoma v. Krech,* 15 Wash. 296 (34 L. R. A. 68) ; *Gulf, C. & S. F. Ry. Co. v. Ellis,* 165 U. S. 150 (41 L. ed. 666) ; *Luman v. Hitchens Bros. Co.,* 44 Atl. 1051 (46 L. R. A. 393) ; *In re Jacobs,* 98 N. Y. 98 (50 Am. Rep. 636) ; *State v. Goodwill,* 33 W. Va. 179 (25 Am. St. Rep. 863, 6 L. R. A. 621).

The act is void wherein it undertakes to make a laborer's lien take precedence of an antecedent incumbrance on real property, because it takes such property without due process of law. *Croskey v. Northwestern Mfg. Co.,* 48 Ill. 481 ; *Getchell v. Allen,* 34 Iowa, 559 ; *Equitable Life Ins. Co. v. Slye,* 45 Iowa, 618 ; *Dennis v. Moses,* 18 Wash. 537 (40 L. R. A. 302). It has been the invariable policy of our laws to protect prior incumbrances, in all kinds of cases where liens are provided for. *Home Savings & Loan Association v. Burton,* 20 Wash. 688 (56 Pac. 940).

A statute providing for the allowance of attorney fees.

on the foreclosure of laborers' statutory liens is unconstitutional.  *Gulf, C. & S. F. Ry. Co. v. Ellis,* 165 U. S. 150 (41 L. ed. 666); *Los Angeles Gold Mine Co. v. Campbell,* 56 Pac. 246.

*F. S. Blattner,* for respondents:

If several distinct liens are united in one complaint and there is a distinct statement of the facts as to each lien, there is a sufficient separate statement of each cause of action, though they are not numbered or otherwise formally designated.  *Booth v. Pendola,* 88 Cal. 36 (23 Pac. 200).

Where the bill of particulars, when taken in connection with the statement of the petition, gives as full information of the petitioner's claim as if a specific statement of everything were fully set out, it has been held sufficient.  *McLaughlin v. Shaughnessey,* 42 Miss. 520.

The language of the statute is anyone performing labor in the "operation" of a mill.  Certainly a manager of a mill performs labor in the operation of it as much as the engineer who controls the machinery, the carrier who operates the carriage upon which the logs are carried to the saw, or the man who wheels away saw dust.  *Stryker v. Cassidy,* 76 N. Y. 50 (32 Am. Rep. 262).

The act is not special.  All persons brought under its influence are treated alike.  So long as its provisions apply to all persons under substantially like circumstances, it is not an arbitrary exercise of power.  *Missouri Pacific Ry. Co. v. Mackey,* 127 U. S. 205 (32 L. ed. 107, 8 Sup. Ct. 1163; *Minneapolis & St. L. Ry. Co. v. Herrick,* 127 U. S. 210 (32 L. ed. 109, 8 Sup. Ct. 1176); *Farmers' L. & T. Co. v. Kansas City, etc., R. R. Co.,* 53 Fed. 182, 193; *Jones v. Brim,* 165 U. S. 180 (41 L. ed. 677);

*Holden v. Hardy*, 37 L. R. A. 103 (46 Pac. 756); *Magoun v. Illinois T. & S. B.*, 170 U. S. 283 (42 L. ed. 1037); *Orient Ins. Co. v. Daggs*, 172 U. S. 577 (43 L. ed. 552).

Upon the point that the statute is valid in giving laborers' liens priority over antecedent mortgages, counsel cites *Georgia, etc., Banking Co. v. Dunlop*, 33 S. E. 882; *Atlantic Dynamite Co. v. Ropes Gold & Silver Co.*, 77 N. W. 938; *Sitton v. Dubois*, 14 Wash. 624; *Gilchrist v. Helena, etc., Co.*, 58 Fed. 709; *Virginia Development Co. v. Crozier Iron Co.*, 17 S. E. 806 (44 Am. St. Rep. 893).

The opinion of the court was delivered by

DUNBAR, J.—This action was brought under the act of March 6, 1897 (Laws 1897, p. 55), to foreclose eight laborers' liens upon a saw mill and the land on which it stood. Applegate and wife were the owners of the land described in the complaint, and the defendants Caesar and wife were the assignees of certain mortgages upon the land described, which mortgages were made to other parties to secure liens by which money was obtained by Applegate and wife, and were recorded prior to the time of the commencement of the work for which the liens were filed, and which had been assigned to Caesar and wife before the commencement of this action. Caesar and wife were brought in as defendants for the purpose of settling their rights. Upon the trial of the cause, judgment was given for the plaintiffs for the amount demanded, and it was adjudged that the rights of the lienors took precedence over the liens of the mortgages which Caesar and wife owned. From this judgment an appeal is taken.

A demurrer was interposed to the complaint and over-

ruled. Applegate and wife did not further appear in the case. Motion was made by the defendants to require the complainants' causes of action to be stated separately, which motion was overruled, and the action of the court in that respect is assigned as error. We think this motion was properly overruled. The law provides that liens of this kind shall be foreclosed in the same manner as mechanics' liens; and § 5910 of Bal. Code provides that any number of lien claimants who have legally filed claims of liens against the same property, or any part thereof, shall be joined as parties, either plaintiff or defendant. If the complaint was so indefinite that the defendants could not properly plead to it, they should have interposed a motion to make it more definite and certain. The complaint stated a cause of action.

It is objected that the statement of the terms and conditions of the contract was not incorporated in the first part of the complaint, and that the law allowing exhibits to be referred to extends only to documents, instruments, and the like; but the statement of the terms and conditions in this case is not an exhibit in that sense. The contract is set forth in paragraph one of the complaint. The statement that the lien is for labor performed by the said claimants at the instance and request of the Applegates, who were, at the time of said request and at the time of the performance of said labor, the owners of said real estate and the saw mill situated thereon, and that the Applegates conducted said business under a certain name, and the particulars of the employment and of the labor, are set forth in the statement of terms and conditions, and, by express language, made a part of the complaint. The object of the Code is to simplify the old common-law practice of pleading, and the law provides that the complaint shall be sufficient if it states the title of the

cause, the name of the court, the venue, the parties to the action, a plain and concise statement of the facts constituting the cause of action, and a demand for relief. These requirements are all met by this complaint. There is no question but that the defendants were fairly apprised of the relief which was sought by these plaintiffs, and of the facts upon which the demand for relief was based. This, under the Code, is the test of the sufficiency of the complaint.

On the question of attorney's fees we are content with the rule announced in *Ivall v. Willis,* 17 Wash. 645 (50 Pac. 467), and *Griffith v. Maxwell,* 20 Wash. 403 (55 Pac. 571), and think it applies to this kind of a lien.

We also think that the lien notices were sufficient under the law. *Overbeck v. Calligan,* 6 Wash. 342 (33 Pac. 825).

It is urged that this law falls under the ban of § 12, art. 1, of the state constitution, which provides that "no law shall be passed granting to any citizens, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens or corporations." We do not think this criticism is deserved. Laws are uniformly upheld where all persons, even though they may constitute a class, who fall under the operations of the law, are treated alike. We held in *Redford v. Spokane Street Ry. Co.,* 15 Wash. 419 (46 Pac. 650), that where a law is uniform in its operations, in so far as it operates at all, its constitionality is not affected by the number of persons within the scope of its operation. Mr. Cooley in his work on Constitutional Limitations (5th ed.) p. 482, *p. 390, thus tersely states the rule, under the title of "Unequal and Partial Legislation":

"These discriminations are made constantly; and the fact that the laws are of local or special operation only is not supposed to render them obnoxious in principle. The legislature may also deem it desirable to prescribe peculiar rules for the several occupations, and to establish distinctions in the rights, obligations, duties, and capacities of citizens. The business of common carriers, for instance, or of bankers, may require special statutory regulations for the general benefit, and it may be matter of public policy to give laborers in one business a specific lien for their wages, when it would be impracticable or impolitic to do the same for persons engaged in some other employments. If the laws be otherwise unobjectionable, all that can be required in these cases is, that they be general in their application to the class or locality to which they apply; and they are then public in character, and of their propriety and policy the legislature must judge."

Without further traversing the arguments or position of the appellants, we think that the complaints were sufficient and the statute a legal enactment.

But we come now to appellant Caesar's affirmative defense, viz., that he was the owner of mortgages and other liens which had been executed and recorded prior to six months preceding the filing of these liens. It is the contention of the respondents, and evidently was the theory entertained by the court, that the law of 1897 was intended to give liens filed in accordance with its provisions a right of priority over mortgages which had been executed and recorded prior to the time of the commencement of the work for which the liens were filed. We do not so construe this statute. Section 1 of the act (Laws 1897, p. 55), is as follows:

"Every person performing labor for any person, company or corporation, in the operation of any railway, canal or transportation company, or any water, mining

or manufacturing company, saw mill, lumber or timber company, shall have a prior lien on the franchise, earnings, and on all the real and personal property of said person, company or corporation, which is used in the operation of its business, to the extent of the moneys due him from such person, company or corporation, operating said franchise or business, for labor performed within six months next preceding the filing of his claim therefor, as hereinafter provided; and no mortgage, deed of trust or conveyance shall defeat or take precedence over said lien."

It seems to us that the legislative intention was simply to extend the time of the lien from the time which was allowed by the old law to six months as provided in the new, and to make certain the rights of laborers in that respect,—a more liberal provision, so far as the laborer is concerned, but not differing in principle from the previous law. It is true that the language is "no mortgage, deed of trust or conveyance"; but we think that the intention of the law makers will not be reached by giving a literal interpretation to the language used, and that, if it had been the intention of the legislature to have made an extraordinary provision, as this would be, if so construed, it would have used language more clearly expressing such intention. It will be observed that a mortgage, under the provisions of this law, is placed in the same category as a conveyance; and certainly the legislature did not intend to provide that one could not convey or deed his land without subjecting it to these possible incumbrances. With this view of the law, it is not necessary to enter into a discussion of the power or want of power of the legislature to pass such a statute. This holding will reverse the judgment of the lower court, so far as it applies to Caesar and wife.

It is urged by the respondents that, when Caesar took

from Applegate a deed for the land in question and in payment of the claims for which the securities were given, the securities merged and the lien was lost. The record, however, shows that it was the express intention, by agreement between Caesar and Applegate, that the lien should remain intact; and the law is well settled that there is no merger of the mortgage, when the mortgagor conveys to the mortgagee, as against subsequent incumbrancers, where it would be inequitable, or where the intention of the parties was otherwise. *Hitchcock v. Nixon,* 16 Wash. 281 (47 Pac. 412); *Nommenson v. Angle,* 17 Wash. 394 (49 Pac. 484); *Stewart v. Eaton,* 20 Wash. 378 (55 Pac. 314).

The judgment will therefore be reversed, and the cause remanded with instructions to the lower court to enter judgment in accordance with this opinion.

REAVIS, C. J. and FULLERTON, J., concur.

MOUNT, J., not sitting.