[No. 5770. Decided November 25, 1905.]

O. B. LITTELL, *Respondent,* v. GEORGE W. SAULSBERRY *et al.,*
*Appellants.*[1]

MECHANICS' LIENS—BUILDING MATERIALS—FORECLOSURE—PARTIES.
Where a contractor was doing business under the name of "Western
Mill Factory," a contract made with him in such name shows that
he is the real party in interest entitled to enforce a mechanics' lien
therefor.

CONTRACTS—ASSENT—CONSTRUCTION—EXTRAS.   Where a written
offer to furnish mill material for a building at a certain sum, extras
to be paid for at a reasonable price, was accepted upon condition that
there should be no charge for extras, and thereafter the contract is
acted upon without further communication, the contractor must be
held to have assented, and cannot recover for extras.

MECHANICS' LIENS—ATTORNEY'S FEES—CONSTITUTIONALITY.   Bal.
Code, § 5811, authorizing an attorney's fee in favor of the plaintiff
in an action to foreclose a mechanics' lien, is not unconstitutional.

MECHANICS' LIENS—ATTORNEY'S FEES—AMOUNT.   Where the only
contest in an action to foreclose a mechanics' lien was over the sum
of $73.63, demanded for extras, the allowance of $100 for attorney's
fees is exorbitant, and should be reduced to $50, in the absence of
satisfactory evidence in the record as to what a reasonable fee would
be.

SAME—EVIDENCE.   Upon an issue as to the reasonable value of an
attorney's fee for the foreclosure of a mechanics' lien, cross-examina-
tion as to the amount involved in the case is proper.

Appeal from a judgment of the superior court for King
county, Morris, J., entered April 5, 1905, upon findings in
favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action to foreclose a material-
man's lien.   Modified.

*George W. Saulsberry* and *S. H. Steele,* for appellants.

*Thomas T. Littell,* for respondent.

CROW, J.—This action was instituted by the respondent,
O. B. Littell, against the appellants George W. Saulsberry

[1]Reported in 82 Pac. 909.

and L. C. Saulsberry, his wife, to foreclose a materialman's lien on certain of their community real estate in the city of Seattle. Early in June, 1904, appellant George W. Saulsberry telephoned to the Western Mill Factory that he desired to contract for the purchase of all lumber necessary to complete a house he was then building. Respondent, O. B. Littell, doing business as the Western Mill Factory, forthwith went to said house and after inspecting the same and having a conference with one Olen, who was in charge, made the following written offer to appellants:

"Office of O. B. Littell, Western Mill Factory, Terry Ave. and Mercer Street, Seattle, Washington, June 14, 1904.

"Mr. G. W. Saulsberry, 16th and Aloha.

"Dear Sir: We submit this, our proposal to furnish the items enumerated below for ———— building, located on lot ———, in block ———, ———— Addition to the City of Seattle, for the sum of $312.00. It is understood that we are to receive payments from time to time as the materials are delivered and that we are to furnish such extra materials for this building as may be ordered from time to time at the market rate, and that the inside finish of said building is to be of fir, unless otherwise specified.

"It is also understood and agreed by the party to whom this proposal is made, that the Western Mill Factory is not in any event to be held liable or responsible for any failure or delay in the fulfillment of this proposal resulting from strikes, accidents, or other causes, beyond its control.

"Western Mill Factory,

"By ————————————.

"Read the above carefully."

This offer was made on a printed form used by respondent and had attached thereto a detailed statement of the items of lumber to be furnished. In response to this offer appellant George W. Saulsberry wrote the following letter:

"Seattle, Washington, June 17, 1904.

"Western Mill Factory, Terry Ave. & Mercer St., City.

"Gentlemen: I am in receipt of your bid or proposition to furnish the material for inside finishing and porch for dwelling at 16th & Aloha, for $312.00.

"While I have one bid for a little less money, owing to the fact that my carpenter gives you such a high recommendation, I have decided to accept your bid, but I do this with the understanding that this includes all material to finish said building, and Mr. Olen says, that he has given it as full as he can and honestly thinks that every item was mentioned to you with exceptions of possibly about 200 lineal feet of 8-inch boards dressed on four sides for book shelves. I suppose that you can and will furnish that without any additional charge. What I dislike is a lot of extras.

"I hope that you will get at this and get it ready by the time the carpenters are in need of it which will be within ten days. Yours very truly, G. W. Saulsberry."

These two communications constitute all the correspondence between the parties. Respondent, without further negotiations, proceeded to furnish said lumber, but now claims that he furnished extras to the total value of $73.63. No payments being made, a lien notice was filed for said contract price, and said extras. The trial court made findings of fact and conclusions of law in favor of respondent, and entered judgment and decree of foreclosure thereon for $385.63 the contract price and extras, $100 attorney's fee, the expense of recording the lien notice, and costs. From said final judgment this appeal has been taken.

Appellants' first contention is that they did not contract with O. B. Littell, but with the Western Mill Factory; that the complaint fails to allege that said respondent was doing business as the Western Mill Factory, or to identify him with said factory, and that he cannot recover in this action. The complaint alleges, and the proof shows, said lumber to have been furnished by respondent who filed the lien notice. It also appears from the evidence, especially the written proposition made by respondent, that he was doing business as the Western Mill Factory. Respondent was therefore the real party in interest as plaintiff herein.

Appellants also contend that under respondent's contract in pursuance of which the material was furnished, there could

be no charge for extras, in other words, that respondent was bound by his contract to furnish all lumber necessary to complete said building. The trial court found against the appellants on this contention, but such finding· does not seem to be supported by the evidence. Although respondent in his offer used the words: "It is understood . . . that we are to furnish such extras for the building as may be ordered from time to time at the market rate," yet, said offer as made was never accepted, nor was it ever agreed to by appellants. On the contrary Mr. Saulsberry in his written answered expressly stated: "I have decided to accept your bid, but I do this with the understanding that this includes all material to finish said building." Respondent, without objecting to this conditional acceptance of his bid, at once proceeded to furnish the lumber. By reason of this action he must be held to have assented to appellants' terms, and to have contracted to furnish all necessary lumber for the total price of $312. There is some attempt on the part of respondent to show that changes were made in the building, also that the extras were ordered by an authorized agent of appellants, but such evidence is not at all satisfactory, nor is it sufficient to sustain his contention, or to show that appellants incurred any additional liability for extras. The honorable trial court erred in finding appellants to have been indebted to respondent in any greater sum than $312, the original contract price.

The court allowed respondent an attorney's fee of $100 and appellants now contend that the provision for such fee contained in Bal Code, § 5911, is unconstitutional and void. This question has been repeatedly determined by this court against appellants' contention, and we see no reason for changing our previous rulings. *Ivall v. Willis,* 17 Wash. 645, 50 Pac. 467; *Griffith v. Maxwell,* 20 Wash. 403, 55 Pac. 571; *Fitch v. Applegate,* 24 Wash. 25, 64 Pac. 147.

Appellants also contend that the fee allowed was exorbitant. We think this contention should be sustained. It ap-

pears from the testimony of one of respondent's own wit-
nesses, a collector, that appellants expressed a willingness to
pay $312, the contract price, in full settlement of respondent's
claim, but that said collector refused to accept the same.
Appellants, however, did not make any tender nor have they
paid any part of said $312 into court, for respondent's benefit.
Still the only substantial contest in this action has been waged
over the said sum of $73.63 demanded for extras.  Only one
witness gave testimony as to what would be a reasonable at-
torney's fee, as follows:

"Q.  In the foreclosure of a lien for material furnished,
involving about three hundred and eighty-five dollars and
sixty-three cents, a suit that has been hardly contested from
the time of the filing of the pleadings and the commence-
ment of the action, and which has involved practically a full
day's trial, contested throughout, what would you say would
be the reasonable value of an attorney's fee to be allowed in
that case?  A.  I should think one hundred dollars would
be a reasonable fee."

On cross-examination the witness was asked, "Q.  What
would be a reasonable fee if there were seventy-three dollars
involved?"  To this question an objection was sustained and
no further testimony was given.  We think such cross-exam-
ination was proper, $73.63 being the only substantial amount
contested.  By reason of such ruling, the record is devoid of
any satisfactory evidence as to what would be a reasonable
fee herein.  Under such circumstances, we think the trial
court, or the members of this court on appeal, by reason of
their personal knowledge of the value of services rendered
by attorneys, can fix such reasonable value.  This court in
*Huttig Bros. Mfg. Co. v. Denny Hotel Co.*, 6 Wash. 122, 32
Pac. 1072, reduced an attorney's fee from $2,000, allowed
by the trial court, to $1,000, although the lowest fee fixed
by any witness was $1,500.  We are of the opinion that $50
would have been an ample allowance to make the respondent
for an attorney's fee in this action.

It is ordered that the judgment of the superior court be so modified as to allow judgment in favor of respondent for $312 with interest, the cost of recording lien notice, and $50 attorney's fee, together with costs in the superior court.   Appellants will recover costs in this court.

MOUNT, C. J., ROOT, RUDKIN, FULLERTON, HADLEY and DUNBAR, JJ., concur.