[No. 13876.  Department Two.  August 4, 1917.]

JAHN & COMPANY et al., *Appellants*, v. MORTGAGE TRUST & SAVINGS BANK et al., *Respondents*.[1]

CONTRACTS—BUILDING CONTRACTS—PERFORMANCE OR BREACH—FINAL PAYMENT—OUTSTANDING BILLS.  Under a contract for the construction of a building for the sum of $47,000, $35,000 of which was raised by a first mortgage and used in the payment of bills in the progress of the work, the contract providing that the balance shall be paid by a second mortgage to the contractor upon the completion of the building, the owner is not bound to execute the second mortgage while bills and claims for liens against the building were outstanding, which the contractor refused to satisfy as his duty under the contract required.

SAME.  The fact that the owner of the building took a surety bond guaranteeing the faithful completion of the work, was merely an additional protection, and did not require the owner to rely wholly upon the bond and make final payment before the contractor had paid bills and claims for liens.

MORTGAGES—PRIORITY—MECHANICS' LIENS.  Where the contractor, at the time of entering into the contract, knew that a mortgage was to be given as a prior lien to raise money to pay for the work, the mortgage is prior to the claims of the contractor, although work was commenced before the mortgage was executed and filed, notwithstanding Rem. Code, § 1132, providing that a mechanics' lien is preferred to any incumbrance attaching subsequent to the commencement of the work.

SAME.  Under Rem. Code, § 1132, providing that a mechanics' lien is preferred to any incumbrance attaching subsequent to the commencement of the work for which the lien is given, a mortgage given to raise money to pay bills and expenses incurred in the progress of the work, but filed subsequent to the commencement of work on the building, is superior to claims for materials furnished to the contractor long after the mortgage was made and recorded.

Appeal from a judgment of the superior court for King county, Edward H. Wright, J., entered September 13, 1916, upon findings in favor of certain defendants, in an action to foreclose mechanics' liens, tried to the court.  Affirmed.

[1]Reported in 166 Pac. 1137.

*Chester A. Batchelor, E. W. Bundy, Wilmon Tucker, Beechler & Batchelor, Tucker & Hyland, Alexander & Bundy, John W. Roberts, C. Dell Floyd, Hughes, McMicken, Dovell & Ramsey, W. H. White, Herr, Bayley & Wilson, Frank A. Paul, Spence & Denham, Bogle, Graves, Merritt & Bogle,* and *Vanderveer & Cummings,* for appellants.

*Wright, Kelleher & Allen,* for respondent Mortgage Trust & Savings Bank.

MOUNT, J.—This action was brought to foreclose certain liens for materials furnished in the construction of a building. Upon issues joined, the case was tried·to the court without a jury, and resulted in findings and a judgment that the liens for materials furnished were inferior to a mortgage lien of the Mortgage Trust & Savings Bank; that the Coast Construction Company, the contractor for the building, was entitled to a mortgage for the sum of $4,991.85, together with costs and interest; and that, if the defendant E. E. Simpson Company failed to execute said mortgage, a commission be appointed for that purpose. The liens for the materialmen were held to be prior to the claim of the Coast Construction Company. The lien claimants and the Coast Construction Company have appealed from that judgment.

The record in the case is lengthy and the facts are somewhat involved, but we think the substance of the material facts may be simply stated as follows: In January of 1915, E. E. Simpson Company was the owner of a lot in the city of Seattle. Sheppard Van & Storage Company had agreed to lease these premises when a certain building was constructed thereon. The Sheppard company and the Simpson company had agreed upon plans for such building. The Coast Construction Company entered into a contract with the Simpson company to construct the building. At the time this contract was entered into, it was understood by the Sheppard Company and by the Coast Construction Company that the sum of $38,500 was to be borrowed and a first mortgage

placed upon the property to pay for the construction of the building. Thereupon, on the 28th day of January, 1915, the Simpson company and the Coast Construction Company entered into a contract as follows:

"That Whereas, first party is the owner of lot eleven (11) in block H of A. A. Denny's Fourth addition to the city of Seattle in King county, state of Washington, and desires to erect a seven story reinforced concrete building class A flat slab type upon said premises.

"Now Therefore, second party is to furnish all the necessary plans and specifications for said building and excavations therefor to be prepared by H. Bittman, and cause said plans and specifications to be approved by the building department of the city of Seattle, said plans to conform to the verbal understanding heretofore agreed upon, and are to furnish all materials and labor and other expenses incurred in connection with the erection of said building and in excavations and preparations therefor, and to erect upon said premises a building in accordance with said plans and specifications, all complete for the sum of $47,000, of which $35,000 shall be used in the payment of bills against said building as same may be required in the progress of construction. It being understood that there shall be made available for such payments at the beginning of the first thirty days from date of this contract $5,000, and at the beginning of each thirty days thereafter the sum of $10,000, and upon the completion of said building. The balance of said contract price, to wit, the sum of $12,000, to be paid by first party executing and delivering to second party a second mortgage upon said premises in the said sum securing four notes as follows, $2,000 on or before one year from date thereof, $3,000 on or before two years from date thereof, $3,000 on or before three years from date thereof, and $4,000 on or before four years from date thereof, with interest at 7% per annum payable annually."

The contract then proceeds to describe certain details of the work to be done. It then provides:

"Second party is to furnish a good and sufficient surety bond executed by a surety company of good standing and repute in the sum of $20,000, guaranteeing the completion

of said building and the payment of all bills incurred in the construction and completion thereof.

"Second party is to push the construction of said building as rapidly as possible consistent with good workmanship, and agrees to complete the same on or before the first day of June, 1915, and is to furnish first party with satisfactory evidence of the payment of all bills or expenses incurred in the construction and completion of said building or in connection therewith or the excavations and preparations therefor."

This contract was signed by E. E. Simpson Company, the owner of the lot, and by the Coast Construction Company, the contractor.  Thereafter, the Coast Construction Company executed and delivered to the Simpson Company its bond, with the Maryland Casualty Company as surety, in the sum of $20,000, conditioned for the faithful performance of the contract.  Thereafter, on the next day, January 28, 1915, the Coast Construction Company entered upon the work of constructing the building.  On February 5, 1915, the defendant E. E. Simpson Company executed and delivered to the Mortgage Trust & Savings Bank its notes for $38,500, secured by a mortgage upon the lot above described. This mortgage was duly recorded on the same day.  Work progressed upon the building until the 20th day of July, 1915, when the building was completed and possession taken by the Simpson company and the Sheppard company.  During the course of the construction of the building, liens were filed for material and labor furnished to the contractor by the lien claimants.  The amount of all these claims was, in round figures, $9,500.  These claims were not paid by the Coast Construction Company.  During the course of the work, the Coast Construction Company, at the instance of the Simpson company, furnished extra labor and material which the court found to be of the reasonable value of $3,190.65.  It is conceded that the $35,000 provided for in the contract to be paid during the progress of the work was paid as agreed upon.  After the work was finished, the Simp-

son company, the owner of the building, refused to execute the second mortgage for $12,000 until the lien claimants had been paid. The Coast Construction Company then filed a lien for $12,000, which it claimed was due under the contract, and for $3,297.75 for extra work done.

· The principal claim of the appellants is that the materialmen who have liens, and the contractor, who claims a lien, are all prior to the mortgage executed in favor of the Mortgage Trust & Savings Bank on February 5, 1915, and that they are entitled to foreclose these liens ahead of that mortgage.

If it is not conceded, we think it is proved beyond question that, at the time the contract for the construction of the building was entered into between the Simpson Company and the Coast Construction Company, it was understood by both parties to the contract that the Simpson Company was to borrow the money with which to construct the building. The arrangements for the money and for a mortgage to secure the same had already been made, and the Coast Construction Company was aware of that fact. The contract provided that $35,000 of the contract price should be used in the payment of bills against the "building as same may be required in the progress of construction." It is conceded that this money was so paid. The mortgage was executed on the 5th day of February, about a week after the contract was entered into. The contract provided that the balance of the $47,000, after the $35,000 was paid, namely, $12,000, was to be paid by a second mortgage for that amount. After the building was completed, materials which were furnished to the contractor, amounting to something like $9,500, had not been paid for, and liens had been filed against the building. The Simpson company refused to execute the mortgage until these lien claims were paid by the contractor. We think it is plain that the Simpson company was not required by the terms of the contract to execute the mortgage for $12,000 until those lien claims were satisfied, because the contract provided that it was the duty of the Coast Construction Com-

pany to furnish to the Simpson company satisfactory evidence of the payment of all bills and expenses incurred in the construction and completion of the building or in connection therewith.

It is argued by the appellant that, because the Simpson company took a surety bond for the faithful completion of the work, it was bound to execute the mortgage and look to the surety company to pay the lien claims. This surety bond was taken for the protection of the Simpson Company. It was an added provision to the conditions contained in the contract. The Simpson company might choose whether it would require the payment of all claims by the contractor before executing and delivering the mortgage for the final payment of $12,000, or pay the lien claims itself and resort to the bond for protection. It was not incumbent upon the Simpson company, therefore, to rely wholly upon the bond.

We have no doubt that the mortgage of the Mortgage Trust & Savings Bank is prior to the claim of the Coast Construction Company, because the Coast Construction Company, at the time it entered into the contract, knew that mortgage was to be given and was to be a prior lien upon the premises. Section 1132, Rem. Code, provides, in substance, that mortgage liens filed or recorded prior to the performance of labor or the furnishing of materials are prior liens. In Bloom on Mechanics' Liens and Building Contracts, at § 499, on page 460, it is said:

"But where the claimant enters into a contract with the owner, and a third party takes a mortgage upon the property, and parts with value, relying upon the terms of that contract, the claimant and owner cannot change the terms of the contract to the detriment of the mortgagee, and the lien, so far as it is extended by the change of the agreement, will not take priority over the mortgage; . . ."

In *Cutler v. Keller*, 88 Wash. 334, 153 Pac. 15, in referring to Rem. & Bal. Code, § 1132, we said, at page 339:

"The language of this section carries the necessary implication that the lien accorded to mechanics and materialmen

is subject to the lien of a prior mortgage on the real estate recorded prior to the commencement of the performance of the labor or the furnishing of the material, or of which the lien claimant had notice. We have uniformly so construed it." [Citing a number of authorities.]

In *Olsen v. Smith*, 84 Wash. 228, 146 Pac. 572, we said:

· "Section 1132 expressly declares the mechanics' lien a preferred lien to any incumbrance attaching subsequent to the commencement of the work for which the lien is given, and also to any incumbrance which may have attached previously to the time and was not filed for record until after that time, of which the lien claimant has no notice."

See, also, *Fitch v. Applegate*, 24 Wash. 25, 64 Pac. 147, and *Heal v. Evans Creek Coal & Coke Co.*, 71 Wash. 225, 128 Pac. 211.

Since the Coast Construction Company had actual notice of this mortgage it was bound by it, and cannot now claim that its lien for extras and for the balance due upon the contract is prior to that mortgage.

The materials furnished to the Coast Construction Company by other lien claimants were furnished long after the mortgage was made and was of record. They are, therefore, clearly subject to the mortgage of the Mortgage Trust & Savings Bank, and were required to take notice of that mortgage, if they did not have actual notice. We are satisfied, therefore, that the mortgage for $38,500, being prior in time, is a prior lien to both classes of lien claimants.

The trial court found that there was a balance due of $12,000 to the Coast Construction Company by the terms of the contract, and something over $3,000 for extras furnished, making a total of $15,190.65 due to the contractor. The court further found that there was due from the contractor to the materialmen the sum of $9,503.74, together with $695, being two-thirds of the cost of foreclosing the liens. It was adjudged that the liens should be foreclosed against the property subject to the $38,500 mortgage; that the amount of these materialmen's claims should be deducted from the fifteen

thousand and odd dollars due the contractor; and that a mortgage for the balance should be executed by the Simpson company in favor of the Coast Construction Company. While there is some argument in the briefs that these findings were incorrect, we think the evidence fully supports the findings, and that the judgment of the trial court was just and equitable in this respect.

Some assignments of error relating to the pleadings are argued in the briefs. We do not notice these assignments because the question of priorities decided above is the controlling question in the case and effectively disposes of the merits of the controversy.

We are satisfied, upon the record, that the judgment was right and just. It is therefore affirmed.

ELLIS, C. J., PARKER, FULLERTON, and HOLCOMB, JJ., concur.