[No. 22232. Department One. March 27, 1930.]

STONEWAY LUMBER COMPANY, INCORPORATED, *et al.,*
*Respondents,* v. OLOF LOVENBERG *et al.,*
*Respondents,* NELS NYBERG, *Appellant,*
GUNHILD JENSEN, *Cross-Appellant.*[1]

*George Gregory,* for appellant Nyberg.

*C. A. Schneider,* for appellant Jensen.

*Meier & Meagher,* for respondent Universal Mortgage Corporation.

*Karl F. Hass,* for respondent Stoneway Lumber Co.

TOLMAN, J.—This is an action to foreclose a materialman's lien. By answers and cross-complaints,

[1] Reported in 286 Pac. 105.

the rights of other lien claimants and of two mortgagees were put in issue. The cause proceeded to trial on the merits, resulting in a decree establishing the order of priority, directing foreclosure and sale, and providing for the distribution of the funds thus realized.

From this decree, the defendant Nels Nyberg, a lien claimant, has appealed, and the defendant Gunhild Jensen, a mortgagee, has cross-appealed.

Since the appeal involves questions of law only, while the cross-appeal presents issues both of fact and of law, we will first consider the cross-appeal, presenting in connection therewith the facts pertinent to both appeals.

On April 11, 1928, the defendant Lovenberg purchased from the cross-appellant Jensen a certain building lot in the city of Seattle; she, on that date, giving the purchaser a deed of conveyance and he giving back, to evidence the unpaid balance of the purchase price, a note for $700 secured by mortgage on the lot. This mortgage was filed for record on the same day, but apparently some hours after the deed was delivered.

The mortgage is in the usual form except that it contains the following language:

"Subject to one first mortgage of thirty seven hundred fifty dollars ($3750):

"It is hereby agreed by and between the parties hereto that a house is to be erected upon the real estate above described; It is further agreed that in no event shall this house be moved into and occupied until the note herein described has been fully paid and this mortgage duly satisfied and released."

Respondent Stoneway Lumber Co., Inc., as found by the trial court, began the delivery of material to the property, on the order of the defendant Lovenberg, on the morning of April 11, 1928, prior to the delivery of

the mortgage to Jensen and prior to its being filed for record, but without the knowledge of Jensen.

Under an oral contract with defendant Lovenberg, appellant Nyberg undertook to furnish the labor and material involved in the cement work required in the erection of the house on this mortgaged property. The contract price was $375. Under this contract Nyberg commenced performance of the work and the furnishing of material on April 18, 1928.

On April 30, 1928, defendants Lovenberg and wife made, executed and delivered to respondent Universal Mortgage Corporation a mortgage upon the same property to secure the principal sum of $3,750, which mortgage was filed for record on the 8th day of May, 1928. Admittedly no advances were made on account of this mortgage loan prior to the execution of the note and mortgage.

Under date of April 28, 1928, cross-appellant Jensen made, executed and delivered to the Universal Mortgage Corporation a writing in and by which she acknowledged her mortgage to be inferior and subject to the mortgage to the Universal Mortgage Corporation. This writing was also recorded on May 8, 1928.

Cross-appellant Jensen appeared in the action for the sole purpose of establishing the priority of her mortgage lien on the property as against the lien claimants. She did not ask, and was not awarded, a foreclosure.

The trial court, by its decree, placed first in rank the lien for material furnished by the Stoneway Lumber Co., Inc.; second, the mortgage of the Universal Mortgage Corporation; third, the mortgage to appellant Jensen; and, thereafter, established the various other liens, no question being raised as to the order in which they were placed as among themselves.

The question of fact raised by appellant Jensen is as

to the correctness of the trial court's finding that the Stoneway Lumber Co., Inc., began the delivery of material prior to the filing of the Jensen mortgage, and her assignments of error are all based upon the contention that her mortgage should have been made subject only to the mortgage of the Universal Mortgage Corporation.

A careful perusal of all of the evidence in this somewhat involved record convinces us that the trial court, who saw and heard the witnesses, arrived at a correct conclusion as to the fact of the delivery of the material by the Stoneway Lumber Co., Inc., having commenced before the filing of the Jensen mortgage and, that being true, the case of *Mutual Savings & Loan Association v. Johnson,* 153 Wash. 41, 279 Pac. 108, is applicable and determinative of the questions of law. The mere fact that Jensen did not know that delivery had commenced at the time she accepted the mortgage cannot change the situation in this case, as, under the statute quoted in the *Johnson* case (Rem. Comp. Stat., § 1132), it was her duty to ascertain and know the facts.

It is probable that the delivery of material preceded the actual execution and delivery of the deed to Lovenberg, but both took place on the same day and so nearly at the same time as to warrant the conclusion that, at the time of the delivery, Lovenberg was at least the reputed owner. The judgment must be affirmed on the cross-appeal.

On the Nyberg appeal, a more serious question is presented. As we have already seen, when Nyberg began the performance of his contract, he had constructive notice of a mortgage for $700 which recited that it was subject to a first mortgage of $3,750, but no such first mortgage was shown of record and no such mortgage, in fact, then existed. Had Nyberg followed

up the information given by the record, he could only have learned that there was no first mortgage; that no money had been advanced in contemplation of such a mortgage coming into existence; and that nothing had been done that could then have created a basis for any legal or equitable lien in favor of any mortgagee other than Jensen.

Since full investigation would have yielded nothing beyond the fact that the owner contemplated raising money by means of a mortgage at some future time, for some undisclosed purpose, must Nyberg, because he could have ascertained that fact, be held subject to the after-given mortgage?

The trial court held, and respondents now contend, that he must be so held subject to the subsequent mortgage by reason of the rule announced in *Jahn & Co. v. Mortgage Trust & Savings Bank,* 97 Wash. 504, 166 Pac. 1137.

In that case the contract was entered into upon the understanding that the work would be financed and the contractor paid, at least in part, from the proceeds of a mortgage to be placed upon the property for that very purpose.

It was there said:

"If it is not conceded, we think it is proved beyond question that, at the time the contract for the construction of the building was entered into between the Simpson Company and the Coast Construction Company, it was understood by both parties to the contract that the Simpson Company was to borrow the money with which to construct the building. The arrangements for the money and for a mortgage to secure the same had already been made, and the Coast Construction Company was aware of that fact.

"We have no doubt that the mortgage of the Mortgage Trust & Savings Bank is prior to the claim of the Coast Construction Company, because the Coast Construction Company, at the time it entered into the con-

tract, knew that mortgage was to be given and was to be a prior lien upon the premises. Section 1132, Rem. Code, provides, in substance, that mortgage liens filed or recorded prior to the performance of labor or the furnishing of materials are prior liens. In Bloom on Mechanics' Liens and Building Contracts, at § 499, on page 460, it is said:

" 'But where the claimant enters into a contract with the owner, and a third party takes a mortgage upon the property, and parts with value, relying upon the terms of that contract, the claimant and owner cannot change the terms of the contract to the detriment of the mortgagee, and the lien, so far as it is extended by the change of the agreement, will not take priority over the mortgage; . . .'

"In *Cutler v. Keller,* 88 Wash. 334, 153 Pac. 15, in referring to Rem. & Bal. Code, § 1132, we said, at page 339:

" 'The language of this section carries the necessary implication that the lien accorded to mechanics and materialmen is subject to the lien of a prior mortgage on the real estate recorded prior to the commencement of the performance of the labor or the furnishing of the material, or of which the lien claimant had notice. We have uniformly so construed it' [Citing a number of authorities].

"In *Olsen v. Smith,* 84 Wash. 228, 146 Pac. 572, we said:

" 'Section 1132 expressly declares the mechanics' lien a preferred lien to any incumbrance attaching subsequent to the commencement of the work for which the lien is given, and also to any incumbrance which may have attached previously to the time and was not filed for record until after that time, of which the lien claimant has no notice.'

"See, also, *Fitch v. Applegate,* 24 Wash. 25, 64 Pac. 147, and *Heal v. Evans Creek Coal & Coke Co.,* 71 Wash. 225, 128 Pac. 211.

"Since the Coast Construction Company had actual notice of this mortgage it was bound by it, and cannot now claim that its lien for extras and for the balance due upon the contract is prior to that mortgage."

The authorities cited from other states go no farther, and if they did, we should not be inclined to follow them.

It will be observed that here there are none of the considerations that were held to be decisive in the *Jahn* case. Nyberg did not contract to have a mortgage placed on the property and to be paid from its proceeds. He had no notice that such a mortgage would be given, except the record notice to which we have already referred. That in no way advised him that he must look to such a mortgage for his pay, and it was no notice of anything, because no such mortgage in fact existed. No mortgage, except the Jensen mortgage, had either in law or in equity attached, and the reference to what did not exist could not bring into being that which was not yet born.

We are constrained to hold that, under the plain terms of § 1132 of our statute, the Nyberg claim should have been placed ahead of the mortgage to the Universal Mortgage Corporation.

The judgment is affirmed on the Jensen appeal, but reversed on the Nyberg appeal with instructions to give Nyberg priority over the mortgage to the Universal Mortgage Corporation, with the necessary adjustments thus required.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.